## MOULON vs. HIS CREDITORS.

APPEAL from the court of the parish and city of New-Orleans.

MATHEWS, J. delivered the opinion of the court. In this case Jumonville, the appellant, opposes the homologation of a tableau of distribution of the insolvent's estate, on the ground of not being placed thereon, to the full amount of his claim, as one of the creditors.

*The endorser of an insolvent, who is also a debtor of his has only a right to be placed on the bilan for the balance.*

The facts of the case appear to be these:

The appellant became a creditor of the insolvent to the amount of about $24,000, in consequence of endorsing the notes of the latter, which the endorser was compelled to pay on the failure of the maker. During the time of his responsibility, as endorser, he owed to the insolvent $6000, which he alleges, he retained in his possession, as a security or pledge against his liability on the endorsements.

His counsel insists, that he has not only a right to withhold that amount from the estate of the insolvent in compensation of his claim against said estate; but also to recover a dividend from the remainder, proportioned by the full amount of his demand of $24,000; because it is shown that the syndics will not have funds

of the bankrupt to pay more than about 50 per cent. of the whole amount of debts.

In support of this doctrine, the appellant is declared to be privileged, on the pledge, which he has a right to retain until the whole of his claim be paid. To establish the truth of this proposition, we are referred to the principles which prevail in the commercial law of the United States, as recognized in the different states of the union. The principal authority cited is *Chitty* on *bills of exchange*, wherein at page 56, in the notes, references are found to the adjudged cases on which the author founds his dicta. These do authorise a person who has accepted bills for the accommodation of another, to retain the funds of the latter, or withhold debts due to him, under certain circumstances, as an indemnity against his liability, as acceptor. The same rule ought to govern in case of endorsement to accommodate a maker of a promissory note. But, it does not follow, as a necessary consequence, that in the event of the bankruptcy of persons thus accommodated, acceptors and endorsers, should be at liberty to hold the funds in their possession or withhold payment of sums due to the bankrupt, in compensation of their claims against

him, and still receive a dividend of his estate
in proportion to the full amount of such claims.

Such a conclusion is evidently absurd, for it
would be to make the effect greater than the
cause. Let us analyze the present case. The
insolvent owes to the appellant $24,000, the
latter owes to the former $6000, this last sum is
only capable of effecting a payment of the first,
*pro tanto*, in the ordinary course of trading, but
if the doctrine contended for, by the counsel
for the appellant be adopted, it will effect a
much larger payment; for, by compensating the
$6000, due from the appellant to the bankrupt,
the debt due to the former will be only $18,000,
of this it is agreed, that the estate of the insol-
vent will pay only $9,000; but, if the creditor
be placed on the bilan for the entire amount of
$24,000, then these $6000 will have paid $9000,
which is absurd.

In this view of the case, we have considered
that the right to retain a pledge, can have no
more extensive effect given to it, than the pri-
vilege to compensate its value against claims of
the pledgee. The privilege, allowed by the
judgment of the court below to the appellant,
to benefit by compensation to the whole amount
of the debt he owes the estate, is as great as

East'n. District.
*June* 1825.

MOULON
*vs.*
HIS CREDITORS

can be authorised by sound principles of law, equity and justice.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs to be paid by the appellant, in his individual capacity.

*Moreau* for the plaintiff, *Dennis* for the defendants.